**12-Person Jury**

FILED
5/17/2019 3:21 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

5101871

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| Renee Harris-Allen, Richard Allen )<br><br>    Plaintiff, )<br><br>vs. )<br><br>Ji Hye Shin,, Enterprise Rent-A-Car, )<br>Enterprise Holdings, Inc., Enterprise of )<br>South Bend )<br><br>    Defendants. ) | Court No.: **2019L005391**<br><br>Amount: In Excess of Fifty Thousand Dollars ($50,000.00), Plus the Costs Of This Suit.<br><br>Return Date: |

### COMPLAINT

NOW COME the plaintiffs, Renee Harris-Allen and Richard Allen, by and through their attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the defendants, Ji Hye Shin, Enterprise Rent-A-Car, and Enterprise Holdings, Inc., and states as follows:

### COUNT I: RICHARD ALLEN V. JI HYE SHIN

    1.    On May 19, 2017, and at all relevant times herein, the defendant, Ji Hye Shin, operated a motor vehicle in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

    2.    At the aforesaid time, and at all relevant times herein, the plaintiff, Richard Allen, drove a motor vehicle traveling in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

    3.    That at the aforesaid time and place, and at all relevant times herein, defendant did then and there drive his vehicle into a violent collision with the rear end of the vehicle plaintiff was operating.



DEFENDANT'S EXHIBIT
A

FILED DATE: 5/17/2019 3:21 PM   2019L005391

FILED DATE: 5/17/2019 3:21 PM   2019L005391

4.     That at all relevant times herein, plaintiff was in the exercise of all due care and caution for his own safety and the safety of others, that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.     At the aforesaid time and place, and at all relevant times herein, defendant owed a duty to plaintiff to exercise due and proper care and caution in the operation of said motor vehicle.

6.     That at the aforesaid time and place and all relevant times herein, defendant breached the aforesaid duty to plaintiff through one or more of the following acts and/or omissions:

    a.  owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;

    b.  failed to keep said motor vehicle under proper and sufficient control;

    c.  failed to take sufficient evasive measures to avoid collision;

    d.  operated and drove said motor vehicle without keeping a proper and sufficient lookout;

    e.  failed to decrease speed so as to avoid colliding with plaintiff, in violation of 625 ILCS 5/11-601;

    f.  failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant, plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiff, Richard Allen, demands judgment against the defendant, Ji Hye Shin, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

FILED DATE: 5/17/2019 3:21 PM  2019L005391

## COUNT II: RENEE HARRIS-ALLEN V. JI HYE SHIN

1.      On May 19, 2017, and at all relevant times herein, the defendant, Ji Hye Shin, operated a motor vehicle in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

2.      At the aforesaid time, and at all relevant times herein, the plaintiff, Renee Harris-Allen, drove a motor vehicle traveling in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, defendant did then and there drive his vehicle into a violent collision with the rear end of the vehicle plaintiff was operating.

4.      That at all relevant times herein, plaintiff was in the exercise of all due care and caution for his own safety and the safety of others, that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place, and at all relevant times herein, defendant owed a duty to plaintiff to exercise due and proper care and caution in the operation of said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, defendant breached the aforesaid duty to plaintiff through one or more of the following acts and/or omissions:

        a.  owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;

        b.  failed to keep said motor vehicle under proper and sufficient control;

        c.  failed to take sufficient evasive measures to avoid collision;

        d.  operated and drove said motor vehicle without keeping a proper and sufficient lookout;

FILED DATE: 5/17/2019 3 21 PM   2019L005391

e.   failed to decrease speed so as to avoid colliding with plaintiff, in violation of 625 ILCS 5/11-601;

f.   failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.   As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant, plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiff, Renee Harris-Allen, demands judgment against the defendant, Ji Hye Shin, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT III – RENEE HARRIS-ALLEN AND RICHARD ALLEN VERSUS ENTERPRISE HOLDINGS, INC., ENTERPRISE RENT-A-CAR, AND ENTERPRISE OF SOUTH BEND.

1.   On or about May 19, 2017, Ji Hye Shin, an authorized and/or ostensible agent of the defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend, operated a motor vehicle in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

2.   That at the aforesaid time and place, and at all relevant times herein, the Defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend owned and maintained said motor vehicle then and there operated, controlled, and driven by said authorized and/or ostensible agent of the defendant, Ji Hye Shin.

3.   That at the aforementioned time and place, and at all relevant times herein, said ostensible agent of the defendant, Ji Hye Shin, operated controlled and drove said motor vehicle

FILED DATE: 5/17/2019 3:21 PM  2019L005391

with the knowledge, consent, and express and/or implied permission of the Defendants Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend.

4.     That at the aforesaid time and place, and at all relevant times herein, said authorized and/or ostensible agent of the Defendant, Ji Hyn Shin, operated, controlled, and drove said motor vehicle within the permission of the Defendants Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend.

5.     That at the aforesaid time and place, and at all relevant times herein, the Defendants, Enterprise Holdings, Inc., and Enterprise Rent-A-Car, had a right of control over said authorized and/or ostensible agent, Jin Hyn Shin, in operation of aforesaid motor vehicle.

6.     That at the aforesaid time and place, and at all relevant times herein, said authorized agent of the Defendant, Jin Hyn Shin, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an authorized agent of the Defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend.

7.     At the aforesaid time, and at all relevant times herein, the plaintiffs, Renee Harris-Allen, and Richard Allen drove and were a passenger in a motor vehicle traveling in a Westbound direction on I-90, at or near the Chicago Skyway Tollbooth located at or near Anthony Avenue, City of Chicago, Cook County, Illinois.

8.     At the aforesaid time and place, defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend as owner and principle through its agent, Ji Hye Shin, did then and there drive said motor vehicle into a violent collision with the motor vehicle Plaintiffs, Renee Harris-Allen, and Richard Allen, were operating and riding in.

Page 5 of 7

FILED DATE: 5/17/2019 3:21 PM   2019L005391

9.      That at the aforesaid time and place, the Defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend., as owner and principal through its agent, said authorized and/or ostensible agent, Ji Hye Shin, owed a duty to the Plaintiffs, Renee Harris-Allen, and Richard Allen, and to the public generally to exercise due proper care and caution in the operation of said motor vehicle.

10.     That at the aforesaid time and place, the Defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend as owner and principal through its agent, said authorized and/or ostensible agent, Ji Hye Shin, breached the aforesaid duty to the Plaintiffs, Renee Harris-Allen, and Richard Allen, through one or more of the following acts and/or omissions:

      a.  owned, operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle;

      b.  failed to keep said motor vehicle under proper and sufficient control;

      c.  failed to take sufficient evasive measures to avoid collision;

      d.  operated and drove said motor vehicle without keeping a proper and sufficient lookout;

      e.  failed to decrease speed so as to avoid colliding with plaintiff, in violation of 625 ILCS 5/11-601;

      f.  failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

11. As a direct and proximate result of one or more of the aforesaid negligent and

FILED DATE: 5/17/2019 3:21 PM   2019L005391

careless acts and/or omissions of the Defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend, the Plaintiffs, Renee Harris-Allen, and Richard Allen, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, the plaintiffs, , Renee Harris-Allen, and Richard Allen, demands judgment against the defendants, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and Enterprise of South Bend, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
John Bickley
Attorney for Plaintiff
100 N. Riverside, Ste 2400
Chicago, IL 60606
(312)482-8200 Ext. 408.
jbickley@vrdolyak.com

Page 7 of 7